IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

QUOC XUONG LUU,

      Petitioner,                      No. CIV S-08-2630 JAM KJM P

   vs.

D.K. SISTO, et al.,                   <u>ORDER AND</u>

      Respondents.              <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C.§ 2254. His petition challenges the loss of good-time credits imposed after he was found guilty of introducing a controlled substance into California State Prison-Solano (CSP-Solano), where he was housed at the time he filed his petition. Petitioner has filed a motion to consolidate this case with a petition for writ of habeas corpus that was recently denied by the California Supreme Court. He has also filed a motion to compel discovery. Respondents have filed a motion to dismiss in lieu of an answer, and petitioner has filed a motion for summary judgment.

        As to the motion to consolidate this federal habeas action with the petition that was recently before the California Supreme Court, both petitions concern the disciplinary process that the petitioner received at CSP-Solano. The petition filed in this court challenges the initial

1

finding of a disciplinary violation; the state court petition challenges the disciplinary action that was taken after the same charges were reheard following the prisoner's successful administrative appeal of the initial finding.

Respondents correctly state that principles of comity prevent this court from consolidating the state court habeas petition with the petition filed under the federal habeas statute. Therefore the motion to consolidate will be denied.

Petitioner has also moved to compel discovery or to expand the record. Without ruling on the merits of the request, the court finds that it is premature. The motion was filed before respondent's time to file a response to the petition had expired. Respondents have timely filed a motion to dismiss in lieu of an answer. Because the court must first address the motion to dismiss before entertaining any requests for discovery or to expand the record, the motion to compel will be denied without prejudice.

In the motion to dismiss, respondents argue that because the initial finding of a disciplinary violation was vacated on appeal and reheard, the present petition, which concerns only that initial finding, is moot. Respondents are correct. "[A federal action] should . . . be dismissed as moot when, by virtue of an intervening event, a [federal court] cannot grant any effectual relief whatever in favor of the [party seeking relief]." Calderon v. Moore, 518 U.S. 149, 150 (1996). However, respondents, in opposing the motion to consolidate, have also suggested that petitioner could file an amended petition to include a challenge to the second disciplinary hearing that he received – i.e., the hearing that actually resulted in the loss of good-time credits and was the subject of the state habeas petition recently denied by the California Supreme Court. See Opp'n to Mot. to Consolidate at 2. Respondents are correct here too. Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading." Fed. R. Civ. P. 15(a)(1). A motion to dismiss is not a

/////

/////

1  "responsive pleading" within the meaning of Rule 15.  See Miles v. Dep't of Army, 881 F.2d
2  777, 781 (9th Cir.1989); King v. Sisto, 2008 WL 2222324 (E.D.Cal. 2008).  Therefore petitioner
3  is entitled to amend his petition in accordance with Rule 15(a)(1)(A).
4        The motion to dismiss should be granted without prejudice and the petitioner
5  given leave to file an amended petition.  Petitioner would have thirty days from the adoption of
6  these findings and recommendations in which to file an amended petition.[1]  If petitioner chooses
7  to file an amended petition, the court will screen it in a separate order.  See 28 U.S.C. § 1915A.
8  Respondents will not be required to respond to the amended petition until it has been screened.
9        Petitioner is informed that, should he decide to file an amended petition, the court
10 cannot refer to a prior pleading in order to make plaintiff's amended petition complete.  Local
11 Rule 15-220 requires that an amended pleading be complete in itself without reference to any
12 prior pleading.  This is because, as a general rule, an amended pleading supersedes the original.
13 See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Therefore, in an amended petition, as in an
14 original petition, each claim must be sufficiently alleged.
15       Finally, petitioner has filed an "ex parte" motion for summary judgment.  In light
16 of the recommendation that the motion to dismiss be granted and petitioner allowed to file an
17 amended petition, the undersigned will also recommend that the motion for summary judgment
18 be denied without prejudice.
19       Accordingly, IT IS HEREBY ORDERED that:
20       1. The motion to consolidate (docket no. 17) is denied; and
21       2. The motion to compel discovery (docket no. 18) is denied without prejudice.
22 /////
23 /////
24 /////

---

[1] The court expresses no opinion on the merit or jurisdictional soundness of any prospective, amended petition.

3

IT IS RECOMMENDED that:

1. The motion to dismiss (docket no. 21) be granted;

2. The petitioner be granted thirty days after the adoption of these findings and recommendations in which to file an amended petition; and

3. The motion for summary judgment (docket no. 27) be denied without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  December 4, 2009.

_____
U.S. MAGISTRATE JUDGE

4
luu2630.ord

4