IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| QUOC XUONG LUU, | | |
| | Petitioner, | No. CIV S 08-2630 JAM CKD P |
| | vs. | |
| D.K. SISTO, et al. | | |
| | Respondents. | FINDINGS AND RECOMMENDATIONS |
| | _____/ | |

Petitioner is a California parolee proceeding with an application for writ of habeas corpus under 28 U.S.C. § 2254. He challenges a 2008 prison disciplinary finding that he introduced drugs into prison for distribution.[1] As a result of the findings, petitioner suffered a loss of 180 days good conduct sentence credit. Respondents have filed a motion to dismiss.

First, respondents argue that this case has become moot by virtue of the fact that petitioner has been paroled. A writ of habeas corpus can only be granted with respect to a person in state custody if the court finds that he is in custody in violation of federal law. See 28 U.S.C.

---

[1] In an order dated May 16, 2011, the magistrate judge previously assigned to this case noted that in his April 8, 2010 amended petition, petitioner asserts claims regarding conditions of confinement. The magistrate judge informed petitioner that he may not proceed on such claims in a habeas action. Rather, such claims should be brought in an action for violation of civil rights under 42 U.S.C. § 1983. The judge also noted that, in this action, petitioner may only proceed on claims related to process which resulted in the 2008 prison disciplinary finding that petitioner introduced drugs into prison for distribution.

§ 2254(a). Generally speaking, in a writ of habeas corpus, the court can either order a petitioner released from custody, or that the length of his or her sentence be reduced. See Preiser v. Rodriguez, 411 U.S. 475, 498 (1973). If the court no longer has the power to release somebody from prison, or reduce their sentence, a habeas action becomes moot because under Article III, Section 2 of the Constitution the court only has jurisdiction to consider actual "cases" or "controversies." In order to satisfy the "case or controversy" requirement, the parties must have a personal stake in the outcome of the action in all stages of federal proceedings. Spencer v. Kemna, 523 U.S. 1, 7 (1998).

Because petitioner is no longer in prison, restoration of the good conduct credit petitioner lost as a result of the 2008 disciplinary proceedings at issue will do petitioner no good. In other words, petitioner has already been released from prison so granting him more credit towards his ordered term of incarceration does nothing. Petitioner argues that if the court restores the credit petitioner lost, his term of parole will be shorter. However, petitioner fails to point to anything in support of this or anything suggesting that the court has the authority to reduce his period of parole if the court were to find the 2008 disciplinary finding violates federal law. See Nonnette v. Small, 316 F.3d 872, 875 (9th Cir. 2002) (restoration of good conduct sentence credit has no effect on term of parole).

The court notes that an action which has been rendered moot could be saved if the habeas petitioner shows that he will suffer "collateral consequences." For example, a habeas action where a petitioner challenges a criminal conviction is never rendered moot by release from custody because it is presumed that the petitioner will suffer "collateral consequences," such as the inability to vote, as a result of the conviction. Spencer, 523 U.S. at 9-10. But, "collateral consequences" from a prison disciplinary proceeding are not presumed, Wilson v. Terhune, 319 F.3d 477, 480 (9th Cir. 2003), and petitioner fails to allege that he will suffer any if the 2008 disciplinary finding is allowed to stand.

/////

For all of the foregoing reasons, petitioner's application for writ of habeas corpus should be denied as moot. The court notes that respondents argue the petitioner's claims are time-barred as well. In light of the foregoing, the court need not address this argument.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's August 15, 2011 motion to dismiss be granted; and

2. This action be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." In his objections petitioner may address whether a certificate of appealability should issue in the event he files an appeal of the judgment in this case. See Rule 11, Federal Rules Governing Section 2254 Cases (the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant). Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 24, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
luu2630.157